JOURNAL ENTRY AND OPINION
{¶ 1} Appellant State of Ohio appeals from the decision of the Cuyahoga County Court of Common Pleas finding appellee John Nash ("Nash") is not a sexual predator. For the reasons adduced below, we reverse and remand
 {¶ 2} The following facts give rise to this appeal. On July 31, 2002, Nash was indicted on ten counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04. The indictment identified the victim as having been 13 years of age or older, but less than 16 years of age, at the time of the unlawful sexual conduct, and also indicated Nash was ten or more years older than the victim. Nash pleaded guilty to the first five counts and the remaining counts were nolled.
 {¶ 3} The court began a sexual predator hearing on December 11, 2002. At the hearing, the state presented one witness, Oneida Fleischer, who was not the victim. Fleischer testified she started a consensual relationship with Nash when she was 13 years old, began having sexual relations with Nash when she was 14 and he was 22, became pregnant by Nash and had an abortion when she was 14, and had a child by Nash when she was 19. Fleischer never reported the sexual activity to the police. At the time of her testimony, Fleischer was involved in a custody dispute with Nash.
 {¶ 4} Nash also testified at the hearing. His recollection was that he started "hanging around" Fleischer when she was 13 and that he began a romantic relationship with Fleischer when she was 15½ to 16 years old. Nash stated that he realized it was wrong to start the relationship but that he could not control his feelings.
 {¶ 5} The court also heard testimony from Dr. Michael Aronoff who performed the psychiatric evaluation on Nash, pursuant to House Bill 180, for a sexual predator determination. Dr. Aronoff testified about two risk assessments that were performed upon Nash, the Static-99 and an ABLE assessment. Under the Static-99, which evaluates static factors, Nash was considered a low risk to reoffend. However, Dr. Aronoff indicated a multiple approach method is used and a low-risk rating on one instrument may be more significant on another.
 {¶ 6} The ABLE assessment revealed Nash had a sexual interest in eight- to ten-year-old females, adolescent females, and adult females. It also revealed Nash had a history of and admitted to acting on his urges with respect to adolescents. Additionally, Dr. Aronoff testified Nash presented the most significantly correlated risk factor for sex offense recidivism, which is a measured sexual interest in children. Also relevant was the fact that the victim was unrelated to Nash, another top-ten risk factor. Dr. Aronoff further noted that the issue of whether the sexual contact was consensual was not relevant, stating "what we have here is somebody that had two occasions to have sexual contact with an adolescent on multiple occasions."
 {¶ 7} Upon the state's request, the court marked the presentence investigation report ("PSI") and the psychiatric report as exhibits. The PSI indicated Nash had multiple incidents of sexual conduct with the victim that began when the victim was 13 and that resulted in her pregnancy and the birth of a child. The PSI also reflected Nash was approximately twenty years older than the 13-year-old victim. Further, the victim was Nash's step-niece.
 {¶ 8} At the conclusion of the above testimony, the court continued the sexual predator determination and sentencing hearing. The hearing proceeded on February 6, 2003, almost two months later. At that time, the defense presented testimony from Anne D. Veneziano, the guardian ad litem for the child of Nash and Fleischer. Veneziano testified her belief was that the child should be placed with Nash and made an allegation of assault and drug use against Fleischer that was unproven.
 {¶ 9} Following the hearing, the court issued an oral and written decision finding there was not clear and convincing evidence that Nash was likely to engage in future sexually oriented offenses and concluding Nash was not a sexual predator. The court then classified Nash as a sexually oriented offender. The court sentenced Nash to a prison term of three years on each of the five counts, to run concurrently.
 {¶ 10} The state has appealed the trial court's sexual predator determination, raising one assignment of error for our review which provides:
 {¶ 11} "The trial court erred in finding that the defendant was not a sexual predator when the manifest weight of the evidence showed that the defendant was likely to commit a sexually oriented offense in the future."
 {¶ 12} In its sole assignment of error, the state claims the manifest weight of the evidence supported a determination that Nash be labeled a sexual predator.
 {¶ 13} A trial court's sexual predator determination will not be reversed by an appellate court unless the trial court's decision is not supported by the manifest weight of the evidence. State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291; State v. Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024; State v. Chacon (May 2, 2002), Cuyahoga App. No. 79950; State v. Tillery, Cuyahoga App. No. 79166, 2002-Ohio-1587. An appellate court is required to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the determination must be reversed. State v.Davis (Dec. 12, 2003), Lake App. No. 2002-L-127. This deferential standard of review applies, even though the state must prove that the offender is a sexual predator by clear and convincing evidence. SeeEllison, supra; Chacon, supra; Tillery, supra.
 {¶ 14} A sexual predator is defined by R.C. 2950.01(E) as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence which establishes in the mind of the trier of fact a firm belief or conviction as to the facts sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 15} In making this determination, the trial court must consider all relevant factors, including, but not limited to, the following: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether the conduct was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j). A trial court's determination regarding whether a defendant is a sexual predator may be appealed, as a matter of right, by either the offender or the prosecutor. R.C.2950.09(B)(4).
 {¶ 16} Upon a thorough review of the record in this case, we find the trial court's decision was against the manifest weight of the evidence. Nash was convicted of five sexually oriented offenses, and a number of the factors set forth in R.C. 2950.09(B)(2) were clearly established. At the time the offenses began, Nash was 33 years old, approximately twenty years older than his 13-year-old victim. The sexual contact occurred over a period of several months and resulted in the victim becoming pregnant and having a baby. The victim was Nash's step-niece and was not directly related to Nash.
 {¶ 17} There were other relevant factors presented. Fleischer testified Nash started a sexual relationship with her when she was 14 and Nash was 22. While Nash claimed sexual contact did not begin until Fleischer was 15½ to 16, Fleischer was clearly an adolescent.
 {¶ 18} Further, Nash admitted he knew the relationship with Fleischer was wrong, but stated he was unable to control his feelings. The ABLE assessment also revealed Nash had a measured sexual interest in children and reflected Nash admitted to acting on those urges with respect to adolescents. Indeed, the record before us reflects Nash has twice begun sexual relationships with children under the age of 16. While Nash relies upon the consensual nature of the relationships, this factor does not excuse the wrongfulness of his conduct and provides no support for a finding that he is not likely to engage in a future sexually oriented offense.
 {¶ 19} In reviewing the record, we find the state established by clear and convincing evidence that Nash is likely to engage in future sexually oriented offenses. Although Nash had no prior criminal history, had displayed no cruelty, and had an alcohol problem, these factors did not overcome the substantial evidence presented by the state. Upon the totality of the record presented, we find the trial court's decision was against the manifest weight of the evidence.
 {¶ 20} The state's first assignment of error is sustained.
 {¶ 21} Judgment reversed and remanded.
Anthony O. Calabrese, Jr., J., concurs.
Colleen Conway Cooney, P.J., Dissents with separate Dissenting Opinion.